UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO BANK, N.A.,

        Plaintiff,

                                    File No.  1:09-CV-140

v.

                                    HON. ROBERT HOLMES BELL

CHRISTOPHER MEANEY, and DONNA
MORGAN,

        Defendants.
                                  /

**O P I N I O N**

This matter is before the Court on Plaintiff's motion to remand and for fees and costs. (Dkt. No. 7.)  For the reasons that follow the motion will be granted.

**I.**

On September 15, 2008, Plaintiff Wells Fargo Bank, N.A., filed this action for possession of property following a mortgage foreclosure sale in the 57th Judicial District Court for the State of Michigan. (Dkt. No. 1, Notice of Removal, Ex. B, Compl.) Defendant Christopher Meaney, through counsel, filed his answer to the complaint on September 30, 2008. A pretrial conference was held on October 23, 2008. At that time the parties identified the following issue for trial: "Was the notice of sale properly posted, given the adjournments that occurred?"  (Dkt. No. 8, Pl.'s Br. re Remand, Ex. 7, Pre-trial Summ.)  A default judgment was entered against Defendant Donna Morgan on January 14, 2009. (Pl.'s Br. re

Remand, Ex. 6, Register of Actions.) The case was scheduled for a bench trial on February 26, 2009. (*Id.*)

On February 18, 2009, eight days before the scheduled trial date and 140 days after they were served with the complaint, Defendants Meaney and Morgan filed a *pro se* notice of removal pursuant to 28 U.S.C. §§ 1441, 1446, asserting that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the matter is between citizens of different states and the amount in controversy exceeds $75,000.00. (Notice of Removal.)

On March 16, 2009, Plaintiff filed the instant motion to remand and for attorney fees and costs. The Court issued a notice advising Defendants that "if they intend to respond to this motion, they shall do so within the 28-day period provided in Rule 7.2(c) of the Local Court Rules. (Dkt. No. 10.) Defendants filed a response to the motion on April 15, 2009. (Dkt. No. 11). Although the response is two days late, the Court has reviewed it and taken it into consideration in deciding this motion.

Plaintiff moves to remand based on the untimeliness of Defendants' notice of removal and the lack of subject matter jurisdiction. A notice of removal of a civil action "shall be filed within thirty days" after the defendant's receipt of the summons and complaint. 28 U.S.C. § 1446(b). Defendants were served with the summons and complaint on September 24, 2008 (Pl.'s Br. re Remand, Ex. 4), and they did not file their notice of removal until February 18, 2009 (Dkt. No. 1, Notice of Removal), almost five months later. Defendants' notice of removal was not timely filed. Plaintiff timely filed its motion to remand on March

16, 2009. *See* 28 U.S.C. § 1447(c) (requiring a motion to remand based upon defects in the removal procedure to be filed within thirty days after the filing of the notice of removal).

Defendants contend that the thirty-day period should be measured from January 20, 2009, the date on which Defendants were served with Plaintiff's motion for possession. This contention is without merit. The removal statute provides that a motion for removal may be filed within thirty days after receipt of a motion "from which it may **first** be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added). Plaintiff's motion for possession did not include any new information that was not already disclosed in the complaint. Accordingly, it did not trigger a new thirty-day period. This action is accordingly subject to remand on the basis that the notice of removal was untimely.

In addition to the procedural defects, this action is also subject to remand because this Court lacks original subject matter jurisdiction over the complaint. Defendants' notice of removal was premised on the Court's original jurisdiction under 28 U.S.C. § 1332. Defendants alleged that the amount in controversy exceeds $75,000 and that the action is between citizens of different states. (Notice of Removal, ¶ 4.) Contrary to Defendants' assertions, the amount in controversy has not been met. Plaintiff's complaint does not seek any money damages. It is solely a complaint for possession of property after the expiration of the redemption period following a mortgage foreclosure sale. Contrary to Defendants' assertions, the amount in controversy in an action for possession of property is not measured by the value of the property. *See HSBC Bank USA Nat'l Assoc. v. Crowe*, No.

07-cv-02506-WDM-CBS, 2007 WL 4557829 (D. Colo. Dec. 20, 2007) (holding that a simple eviction action following a completed foreclosure does not involve an amount in controversy sufficient to meet the requirements of 28 U.S.C. § 1332).

The fact that Defendants are requesting damages of $1,000,000.00 in their countercomplaint (Dkt. No. 5) does not change the Court's analysis. In determining whether the amount in controversy is met, the Court reviews the status of the action at the time of removal. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). The countercomplaint was not a part of the action at the time of removal. It was filed after removal. Moreover, this Court adheres to the traditional and majority rule that the value of a counterclaim may not be considered in determining the amount in controversy. *See Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (holding that for purposes of removal jurisdiction, the amount in controversy is determined "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect"); *Sanford v. Gardenour*, No. 99-5504, 2000 WL 1033025, at *3 (6th Cir. July 17, 2000) ("'[T]he traditional rule has been that no part of the required jurisdictional amount can be met by considering a defendant's counterclaim' to satisfy the amount in controversy requirement for removal jurisdiction purposes.") (quoting Wright & Miller, 14C *Fed. Prac. & Proc. Juris.* § 3725 (3d ed. 1998)); *CMS N. Am., Inc. v. De Lorenzo Marble & Tile, Inc.*, 521 F. Supp. 2d 619, 630 (W.D. Mich. 2007) (Maloney, J.) (declining to consider counterclaim damages when determining the amount in controversy for purposes of removal jurisdiction). Accordingly, this case is also subject to remand for lack of subject matter jurisdiction.

In view of the fact that this action is clearly subject to remand both because of its untimeliness as well as the lack of subject matter jurisdiction, the Court will not address Plaintiff's third alternative argument that the Court should also abstain from deciding this matter under the *Younger* abstention doctrine.

Plaintiff has requested an order compelling Defendants to reimburse Plaintiff for the fees and costs it has incurred as a result of the removal attempt. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

This is an appropriate case for payment of fees and costs pursuant to 28 U.S.C. § 1447(c). Defendants filed their notice of removal without counsel, on the eve of trial, and after a default judgment had already been entered against Defendant Morgan. The notice of removal has no arguable merit and was clearly designed to delay the state court eviction proceeding and to cause Plaintiff to incur unnecessary costs. *See U.S. Bank Nat'l Assoc. v. Garner*, 2008 WL 2954989, at *1 (D. Colo. July 29, 2008) (awarding attorney fees and costs for having to litigate a motion to remand where the defendant filed her notice of removal to delay the state court eviction proceeding). Plaintiff may file an affidavit and itemized statement of the fees and costs it incurred as a result of the removal within 14 days of this order. Defendants will have 14 days to respond.

An order consistent with this opinion will be entered.

Dated: <u>April 17, 2009</u>         /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE