UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WELLS FARGO BANK, N.A.,

        Plaintiff,

v.

CHRISTOPHER MEANEY and
DONNA MORGAN,

        Defendants.

                                   /

File No.  1:09-CV-140

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's counsel's affidavit and itemized statement of fees and costs.  (Dkt. No. 16.)  The affidavit is filed pursuant to this Court's award of attorney fees and costs incurred as a result of Defendants' bad faith removal of this eviction action from state court.  (Dkt. No. 13, Order of Remand.)   Defendants had fourteen days to respond to the affidavit.  (*Id.*)  More than fourteen days have elapsed, and Defendants have not filed a response.  This matter is ripe for determination.

An award of attorney fees and costs pursuant to 28 U.S.C. § 1447(c) falls "squarely within the discretion of the district court . . . ."  *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008).  The award is subject, however, to the guidance set forth by the Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005).  *Warthman*, 549 F.3d at 1059.  *Martin* instructs that Congress designed the costs-and-fees

provision in § 1447(c) to permit removal in appropriate cases, while simultaneously reducing the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff, and that district courts should consider this underlying purpose when they exercise their discretion under § 1447(c). *Warthman*, 549 F.3d at 1060 (citing *Martin*, 546 U.S. at 140-41 (internal quotations omitted)).

Plaintiff has requested fees and costs in the amount of $7,122.50. "The primary concern in evaluating a request for attorney fees 'is that the fee awarded be reasonable.'" *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002) (quoting *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999)). Counsel's affidavit and the billing statements adequately support the hours claimed and the hourly rate. However, in order to insure that the fee award also serves the underlying purpose of § 1447(c) as articulated in *Martin*, the Court must consider whether the hours were spent on matters relating to the remand, rather than on other aspects of the litigation. Upon review of the time sheets submitted, it appears that the hours claimed include time spent on matters extraneous to the motion to remand, including dismissal on abstention grounds, settlement, bankruptcy, and the merits of the eviction proceeding. Although no precise calculation can be made, the Court estimates that approximately half of the time reported is attributable on extraneous matters. The requested fees and costs will accordingly be reduced by half to account for time spent on matters not directly related to the removal and remand. Accordingly,

**IT IS HEREBY ORDERED** that, Plaintiff's motion for attorney fees and costs pursuant to 28 U.S.C. § 1447(c) (Dkt. No. 7) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff is **AWARDED** fees and costs incurred as a result of the removal in the amount of **$3,561.25**.

**IT IS FURTHER ORDERED** that Defendants Christopher Meaney and Donna Morgan **SHALL PAY** Plaintiff **$3,561.25** within 30 days of this order.


Dated: June 25, 2009                  /s/ Robert Holmes Bell
                                                             ROBERT HOLMES BELL
                                                             UNITED STATES DISTRICT JUDGE